UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARTIN HEAVNER, TRACY COLE, and, )
TRA COLE, )
 )
    Plaintiffs, )
 )
vs. )   Dkt. No.   13-2413
 )   JURY TRIAL DEMANDED
METRO MASONRY, INC., )
 )
    Defendant. )

# COMPLAINT

## I.  JURISDICTION AND VENUE

1.    Plaintiffs invoke the federal question jurisdiction of this Court to hear questions arising under Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000(e) *et. seq*., (hereinafter "Title VII").  Plaintiffs further invoke the pendent jurisdiction of this Court to hear and determine claims arising under the Tennessee Human Rights Act (hereinafter "THRA") and state law.   All of the actions complained of herein occurred in Shelby County, Tennessee, within the jurisdiction and venue of this Court.

## II.  PARTIES

2.    Plaintiff, Martin Heavner, is a Caucasian resident of Gibson County, Tennessee, and was employed by the Defendant as a mason and was the Defendant's "employee" as that term is defined under Title VII and the THRA.

3.      Plaintiff, Tracy Cole, is a Caucasian resident of Gibson County, Tennessee, and was employed by the Defendant as a mason and was the Defendant's "employee" as that term is defined under Title VII and the THRA.

4.      Plaintiff, Tra Cole, is a Caucasian resident of Gibson County, Tennessee, and was employed by the Defendant as a mason and was the Defendant's "employee" as that term is defined under Title VII and the THRA.

5.      The Defendant, Metro Masonry, Inc., (hereinafter "Defendant") is a Tennessee corporation, licensed and doing business in the State of Tennessee, with its principle offices located at 1695 Bartlett Road, Memphis, Tennessee 38134, and was the Plaintiffs' "employer" as that term is defined under Title VII and the THRA.  Service of process may be obtained on Defendant Metro Masonry by serving its designated agent for service of process, Andy Vanderwerf, 1695 Bartlett Road, Memphis, Tennessee 38134.

### III.   EXHAUSTION OF REMEDIES

6.      Prior to instituting this action, Plaintiffs timely filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000(e-5)(e) and received a right to sue letter within ninety (90) days of filing this lawsuit.

### IV.   STATEMENT OF FACTS

7.      Plaintiffs Martin Heavner, Tracy Cole, and Tra Cole (hereinafter "Plaintiffs") began their employment with Defendant Metro Masonry, Inc., (hereinafter "Defendant") as masons in January 2009 and February 2009, respectively.  During the time period in which the Plaintiffs were employed by the Defendant, Plaintiffs were required to report to work daily at 7:30

2

a.m.  Once Plaintiffs and other Caucasian employees arrived at the job site, they were often told to remain in their vehicles while the Defendant's Hispanic/Mexican employees were allowed to work.  Plaintiffs aver that they were not compensated for the time wherein they were forced to wait in their vehicles.

      8.      On numerous occasions, Plaintiffs and other Caucasian employees were sent home after waiting in their vehicles for several hours while the Hispanic/Mexican employees were allowed to work.  In addition, the Plaintiffs supervisor, Larry, expressed on numerous occasions that he did not want to hire Caucasian employees "because they have too many problems."

      9.      Plaintiff Heavner avers that said treatment of himself and other Caucasian employees continued until he was injured on the job on or about May 4, 2009, and has been unable to return to work since.  Plaintiffs Cole and Cole aver further aver that said treatment complained of herein continued until their termination on or about June 9, 2009.

      10.      Plaintiffs aver that they were singled out for unfair treatment because of their race and/or national origin, which culminated in their respective terminations by the Defendant.  Plaintiffs further aver that there is a pattern and practice of such discrimination against Caucasian employees by the Defendant.  Plaintiffs Cole and Cole further aver that the reason(s) the Defendant has asserted for their respective terminations was pretextual and that the real reason for their termination(s) was because of their race and/or national origin and/or as a part of the pattern of practice of discriminating against non-Hispanic and non-Mexican individuals.

      11.      Plaintiffs aver that the above stated acts, done by individuals acting on behalf of the Defendant, violated their rights under Title VII of the Civil Rights Act of 1964, as amended, and the Tennessee Human Rights Act.

## V. CAUSE(S) OF ACTION

### COUNT ONE
### TITLE VII

12. Plaintiffs incorporate by reference the factual statements contained above in Paragraphs 1 through 11 of the Complaint.

13. Plaintiffs aver that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against them on the basis of their race and/or national origin in violation of their rights secured under Title VII of the Civil Rights Act of 1964, as amended.

14. Plaintiffs further aver that the unlawful employment practices complained of herein were intentional and/or done with reckless indifference to their employment rights secured under Title VII of the Civil Rights Act of 1964, as amended.

### COUNT TWO
### TENNESSEE HUMAN RIGHTS ACT

15. Plaintiffs incorporate by reference the factual statements contained above in Paragraphs 1 through 11 of the Complaint.

16. Plaintiffs aver that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against them on the basis of their race and/or national origin in violation of those rights secured under the Tennessee Human Rights Act (THRA).

17. Plaintiffs further aver that the unlawful employment practices complained of herein were part of a pattern and practice of discrimination and were intentional and/or done with reckless indifference to their employment rights protected by the THRA.

18. Plaintiffs further aver that Defendant violated Plaintiffs' rights under the THRA, thereby causing damage to Plaintiffs.

4

## VI. DAMAGES

19. The unlawful employment practices complained of herein caused Plaintiffs to suffer emotional distress, humiliation, inconvenience and embarrassment, as well as the loss of pay and the benefits of employment, and they have had to retain legal counsel to defend and prosecute their rights.

20. The unlawful employment practices complained of herein were willful, malicious, intentional and/or done with reckless indifference to their employment rights protected by Title VII and/or the Tennessee Human Rights Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY REQUESTS THAT THE COURT:

a. Declare the Defendant's practices, as complained of herein, to be in violation of Title VII of the Civil Rights Act of 1964, as amended, and/or the Tennessee Human Rights Act;

b. Grant Plaintiffs an injunction prohibiting Defendant, its agents, employees, and successors, from further discriminating and/or retaliating against Plaintiffs on account of their race, national origin, and for exercising their rights under Title VII of the Civil Rights Act of 1964, as amended, and/or the Tennessee Human Rights Act;

c. Grant Plaintiffs an Order requiring Defendant to make them whole by appropriate back pay, front pay, and all other benefits of employment lost as a result of the actions complained of herein;

d. Grant Plaintiffs any compensatory and/or punitive damages to which they are entitled to under the Title VII of the Civil Rights Act of 1964, as amended, and/or the Tennessee

Human Rights Act as a result of the actions complained of herein, including but not limited to damages for their severe embarrassment, humiliation, and emotional distress;

    e.    Grant Plaintiffs a trial by jury;

    f.    Grant Plaintiffs their costs incurred herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988 and/or the Tennessee Human Rights Act;

    g.    Grant Plaintiffs such other further relief, both general and specific, as the Court deems necessary and proper in this case.

    Respectfully Submitted,

    WEINMAN & ASSOCIATES

    /s/ Michael L. Weinman
    Michael L. Weinman (BPR # 015074)
    *Attorney for Plaintiffs*
    112 South Liberty Street, Suite 321
    P.O. Box 266
    Jackson, TN 38302
    (731) 423-5565
    mike@weinmanandassoc.com